UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS,<br><br>Plaintiff<br><br>v.<br><br>RICHARD A. LENIHAN<br><br>Defendant | CIVIL ACTION NO.<br><br>04-40213 FDS<br><br>RECEIPT # 404434<br>AMOUNT $ 150.00<br>SUMMONS ISSUED ✓<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK.<br>DATE 10-22-04 |

COMPLAINT

Plaintiff, Charter Communications Entertainment I, LLC d/b/a Charter Communications, by this Complaint seeks injunctive relief, damages, and attorneys' fees under provisions of the Federal Communications Act of 1934, as amended by the Cable Communications Policy Act of 1984 and the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553 and the Satellite Home Viewer Act of 1988, 47 U.S.C. § 605, for the unauthorized interception or reception, or the assistance in the unauthorized interception or reception, of cable services offered over Plaintiff's cable system. As set forth in this Complaint, the Defendant ordered and obtained a device expressly designed, manufactured and intended for the surreptitious and unauthorized reception of cable services.

749993_1

## JURISDICTION AND VENUE

1. This action arises under the Federal Communications Act of 1934, as amended by the Cable Communications Policy Act of 1984 and the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, and the Satellite Home Viewer Act of 1988, 47 U.S.C. § 605.

2. The Court has jurisdiction over this action under 28 U.S.C. § 1331 in that this action arises under the laws of the United States.

3. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in the District and the claims arose here.

## APPLICABLE LAW

4. The interception or reception, or any assistance in the interception or reception, of community antenna television ("CATV") or cable service, unless specifically authorized by a cable operator or as is otherwise specifically authorized by law, is prohibited under 47 U.S.C. § 553(a).

5. The unauthorized interception of cable service and the sale and/or installation of any device or equipment by persons knowing or having reason to know that the device or equipment is used primarily for the assistance in the unauthorized decryption of satellite cable programming is prohibited under 47 U.S.C. § 605 (a).

## PARTIES

6. Plaintiff, Charter Communications Entertainment I, LLC d/b/a Charter Communications ("Charter"), is a Delaware limited liability company with a principal place of business at 95 Higgins Street, Worcester, Massachusetts 01606.

749993_1

7. Charter is a cable operator, within the meaning of 47 U.S.C. § 522(5) and § 553(a), and provides CATV or cable service, within the meaning of 47 U.S.C. § 522(6), to its customers who are authorized to receive the particular service level or service tier and any other video programming which a customer orders from the Plaintiff and agrees to pay the applicable rates therefore.

8. Defendant Richard A. Lenihan resides at 31 or 33 Steele Street, Worcester, Massachusetts, which is in Charter's service area. At all times relative to this Complaint, only a particular level of cable service was requested from and authorized by Charter at Defendant's Worcester address(es).

## COUNT ONE – VIOLATIONS OF 47 U.S.C. § 553

9. Charter offers cable services to residents of all of its service areas for which subscribers pay a monthly fee depending upon the amount of cable television programming and services selected and purchased by the subscriber. Each subscriber who pays monthly fees to Charter is entitled to receive that level of services and programming that is purchased from Charter.

10. Charter's signals are (a) private communications not intended for public or other use without authorization, (b) communications services offered over a cable system, and (c) satellite cable programming.

11. Charter has offered and continues to offer premium programming services, such as Home Box Office, Cinemax and Showtime, and certain Pay-Per-View channels for movies and events.

12. Charter's signals for premium programming services and for Pay-Per-View services are electronically coded or scrambled so that they must be decoded by electronic decoding equipment in order for the signals to be viewed clearly on a television receiver or monitor.

13. To decode these signals, Charter provides subscribers of such services with electronic decoding equipment referred to as converters.

14. Charter's converters are programmed to decode the signals and thereby enable the subscriber to view that level of cable service that she has purchased. Charter programs each of its converters specifically to permit the subscriber to view only that level of cable service and programming that she has purchased.

15. Some of Charter's converters are "addressable." Addressable converters may be programmed from a central location of Charter while the converters are connected to a television receiver or monitor in a subscriber's residence or business.

16. "Pay-Per-View" is a service made available to Charter's residential subscribers.

17. The Pay-Per-View service requires the subscriber to have an addressable converter box connected to his television receiver or monitor.

18. To order a Pay-Per-View movie or event, the subscriber either telephones Charter and requests to view the specific Pay-Per-View movie or event or orders said movie or event by utilizing the subscriber's remote control device. Charter then programs the addressable converter box to descramble that Pay-Per-View movie or event, enabling the subscriber to receive a non-scrambled signal during the time of the broadcast.

749993_1

19. The price of Pay-Per-View movies or events varies, but presently ranges from $3.95 for certain movies to approximately $49.95 for certain sporting or other special events. Charter subscribers are billed monthly for Pay-Per-View movies and events ordered during the previous month.

20. Unauthorized decoders or descramblers are devices that have been designed or modified to defeat the scrambling or addressable security functions of Charter's cable system that are designed to ensure that only authorized customers of certain levels or tiers of services, or of premium or Pay-Per-View programming, receive such services (the "scrambling technology").

21. Pursuant to <u>AT& T Broadband v. TKA Electronics, Inc.</u>, 8:02-00429 (D. Neb. Sept. 17, 2002) ("<u>AT&T Broadband</u>"), Charter obtained the business records of TKA Electronics, Inc. and its affiliates ("TKA Electronics"). Included in the business records obtained were records of the sales of decoders, descramblers and various devices used to effect the unauthorized reception of satellite communications services and cable programming by TKA Electronics ("cable theft devices").

22. The business records seized or produced in <u>AT&T Broadband</u> indicated that the Defendant ordered and purchased from TKA Electronics on or about August 9, 2001, a cable theft device for use by the Defendant or another for the purpose of unauthorized reception of communications services offered over Charter's and/or other cable systems.

23. Upon information and belief, the Defendant ordered, purchased, received and possesses, possessed, used or assisted other persons in the use of a cable theft device from Modern Electronics in order to effect the unauthorized reception and interception of Charter's cable services and this constitutes one violation of 47 U.S.C. § 553(a).

24. The Defendant willfully and intentionally violated 47 U.S.C. § 553(a).

25. Charter is "aggrieved" within the meaning of 47 U.S.C. § 553(c)(1).

26. Charter is aggrieved by the Defendant's conduct because the device purchased by the Defendant is designed and intended to compromise and defeat the scrambling technology of cable systems such as the one operated by Charter, in violation of Charter's rights and of federal statutes.

27. As a direct, proximate, and foreseeable result of the actions of the Defendant, Charter has sustained and continues to sustain damages and incur attorney's fees and costs.

28. By reason of the Defendant's violation of 47 U.S.C. § 553(a), Charter is entitled to statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii).

29. By reason of the Defendant's violation of 47 U.S.C. § 553(a), Charter is entitled to the recovery of full costs, including reasonable attorney's fees pursuant to 47 U.S.C. § 553(c)(2)(C).

## COUNT II—VIOLATIONS OF 47 U.S.C. § 605

1-29. Charter incorporates by reference the allegations of paragraphs 1 through 29, above, as though fully set forth herein.

749993_1

30. By virtue of her conduct the Defendant effected the unauthorized interception and reception of Charter's satellite cable programming and communications services over its cable systems by receiving, or assisting in the reception of certain cable services without Charter's authorization and her conduct violates 47 U.S.C. § 605(a).

31. The Defendant willfully and intentionally violated 47 U.S.C. § 605(a).

32. Charter is "aggrieved" within the meaning of 47 U.S.C. § 605(e)(3)(A).

33. As a direct, proximate, and foreseeable result of the actions of the Defendant, Charter has sustained, and continued to sustain, damages and incur attorneys' fees and costs.

34. By reason of the Defendant's violation of 47 U.S.C. 605(a), Charter is entitled to damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

35. By reason of the Defendant's violation of 47 U.S.C. 605(a), Charter is entitled to recovery of full costs, including reasonable attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

## COUNT III—FEDERAL COMMUNICATIONS ACT INJUNCTIONS

1-35. Charter incorporates by reference the allegations of Paragraphs 1-35 above, as though fully set forth herein.

36. Pursuant to 47 U.S.C. §§ 553(c)(2)(A) and 605 (e)(3)(B)(i), Charter is entitled to a court order restraining the Defendant from engaging in any further activity, similar to that described above, which activity violates 47 U.S.C. §§ 553(a) and 605(a).

## PRAYER FOR RELIEF

WHEREFORE, Charter requests the Court to enter judgment against the Defendant as follows:

1.  For money damages in favor of Charter against the Defendant in the total amount of $20,000 in statutory damages as follows:

    a.  pursuant to 47 U.S.C. §§ 553(c)(3)(A)(ii) and 553(c)(3)(B), $10,000.00 for a violation of 47 U.S.C. § 553(a) for the device purchased and then transferred or distributed to others by Defendant for assistance in the unauthorized use of communications services; or

    b.  pursuant to 47 U.S.C. §§ 605(e)(3)(C)(i)(II) $10,000.00 for violation of 47 U.S.C. § 605(a) for the device purchased and then transferred or distributed to others by Defendant to effect the unauthorized reception and interception of cable services; and

2.  Ordering that the Defendant, his family, servants, agents, employees, successors and assigns and those persons in active concert or participation with any of them, are permanently enjoined and restrained from engaging in, aiding, abetting or otherwise promoting or supporting interception or reception of the cable television programming, service or signal of Charter or its parent companies or entity that is an affiliated company, partnership, or subsidiary of Charter or its parent companies (the "Charter Entities"), including, without limitation, the following: permanently enjoining and restraining Defendant from connecting, attaching, splicing into, tampering with or in any way using cable wires of Charter or the Charter Entities for purposes of obtaining any

749993_1

of the programming and services of Charter or the Charter Entities without Charter's express permission and authorization; permanently enjoining and restraining Defendant from manufacturing, ordering, purchasing, using, selling, distributing, installing, owning or possessing any equipment, components or parts used to make any such equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter or the Charter Entities without Charter's authorization; permanently enjoining and restraining the Defendant from attaching or connecting any such equipment to any property of Charter or the Charter Entities without Charter's authorization; permanently enjoining and restraining the Defendant from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, cable systems owned, operated, or managed by Charter or the Charter Entities without Charter's express permission and authorization, in accordance with 47 U.S.C. § 553(c)(2)(A) and 47 U.S.C. § 605(e)(3)(B)(i); and

  3. Ordering that the Defendant, his family, servants, agents, employees, successors and assigns and those persons in active concert or participation with any of them, surrender to Charter or its duly authorized agent any and all devices or equipment, components or parts capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter or the Charter Entities without Charter's express permission and authorization and any further evidence, such as Defendant's records, including, but not limited to, customer lists, sales receipts, invoices and other documents of the Defendant's

749993_1

purchase, use, distribution and sale of any such equipment at his home or his place of employment in accordance with 47 U.S.C. § 553(c)(2)(A) and 47 U.S.C. § 605(e)(3)(B)(i); and

4. Awarding Charter its attorney's fees and costs in prosecuting this action, in accordance with 47 U.S.C. § 553(c)(2)(C) and 47 U.S.C. § 605(e)(3)(B)(iii); and

5. Granting such other relief as the Court determines is just and proper.

CHARTER COMMUNICATIONS
ENTERTAINMENT I, LLC d/b/a
CHARTER COMMUNICATIONS,

By Its Attorneys,

Burton B. Cohen, BBO#656190
Christopher L. Brown, BBO#642688
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 457-4000

Dated: October 21, 2004

749993_1

JS 44 (Rev. 3/99)    CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Charter Communications Entertainment I, LLC d/b/a Charter Communications

## DEFENDANTS
Richard A. Lenihan

(b) County of Residence of First Listed Plaintiff   Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Christopher L. Brown, Esq., BBO #642688
99 High Street, 20th Floor
Boston, MA 02110   (617) 457-4000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | PROPERTY RIGHTS | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | Habeas Corpus: | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 530 General | | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 535 Death Penalty | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | [ ] 540 Mandamus & Other / [ ] 740 Railway Labor Act / [ ] 790 Other Labor Litigation / [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS —Third Party 26 USC 7609 | [X] 890 Other Statutory Actions |
| | | [ ] 550 Civil Rights | | |
| | | [ ] 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C SECT. 553 and SECT. 605, unauthorized reception of cable service and injunctive relief.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 10-21-04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**04-40213**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ~~Charter Communications Entertainment I, LLC~~
   v. Richard A. Lenihan

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [x]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Christopher L. Brown, Esquire, Murtha Cullina LLP
ADDRESS   99 High Street, 20th Floor, Boston, MA  02110
TELEPHONE NO.   (617) 457-4000

(Coversheetlocal.wpd - 10/17/02)