UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, ) ) ) ) | |
| Plaintiff ) ) | |
| v.  ) ) | Civil Action Number |
| RICHARD A. LENIHAN ) ) | 04-40213 FDS |
| Defendant ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

The Complaint of the Plaintiff, Charter Communications Entertainment I, LLC, d/b/a Charter Communications ("Charter") alleges unauthorized interception or reception, or the assistance in unauthorized interception, of cable services offered over Charter's cable system. (Complaint, unnumbered paragraph, page 1). Although Charter refers to the ban of the installation of a device used primarily for the unauthorized decryption of satellite cable programming under 47 U.S.C. § 605(a) (Complaint, paragraph 5), it is apparent that the alleged acts of the defendant Richard Lenihan ("Lenihan") complained of by Charter concern his alleged ownership of an unauthorized decoder or descrambler, designed to intercept cable communications (Complaint, paragraphs 20, 21 and 22).

The alleged acquisition of the descrambler (described in the Complaint as the "cable theft device") by Lenihan is reputed to have occurred on August 9, 2001. (Complaint, paragraph 22). Charter learned of the alleged purchase of the descrambler

1

through discovery of the business records of TKA Electronics, Inc. and its affiliates in action styled AT & T Broadband v. TKA Electronics, Inc., apparently some time in 2002. (Complaint, paragraph 21).

Section 553 does not provide its own statute of limitations. In the absence of any limitations of action provided by Congress in Section 553, this Court should apply the closest state court analogue to Section 553. Under Massachusetts law actions for penalties or forfeitures under penal statutes, brought by the person to whom the penalty or forfeiture is given in whole or in part, shall be commenced only within one year after the offence is committed. M.G.L.c. 260, § 5. Whether running from the date of the alleged acquisition of the descrambler in 2001 or from the date of discovery in 2002, it is clear that Charter's claims are barred by the limitations of M.G.L.c. 260, § 5. Consequently Charter's claims are time-barred and this action must be dismissed.

## DETERMINING THE APPROPRIATE LIMITATIONS PERIOD

Whenever Congress does not provide a statute of limitations in a federal statutory cause of action, the courts are to presume that Congress intended for an analogous state limitations period to apply. Lampf, Pelva, Lipkind, Prupis & Petitigrow v. Gilbertson, 501 U.S. 1277, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991). This reference has been explained as being founded on the Rules of Decision Act, 28 U.S.C. § 1652, which has been in existence long enough for courts to assume that Congress ordinarily intends by its silence that they borrow state law. Id.

Despite the general rule, there is a limited exception: if a state limitations period is at odds with the purpose of the federal law, the court should ignore the state limitations period and instead borrow the most analogous federal limitations period. DelCostello v.

2

International Bd. of Teamsters, 462 U.S. 151, 161, 103 S.Ct. 2281, 2289, 76 L.Ed.2d 476 (1983). This exception is "closely circumscribed" and typically succumbs to the general rule that state rather than federal limitations periods apply in those instances where Congress has not specified a limitations period for a federal statutory cause of action. Lampf, 501 U.S. at 356, 111 S.Ct. at 2778, 115 L.Ed.2d at 331-32, quoting Reed v. United Transportation Union, 488 U.S. 319, 324, 109 S.Ct. 621, 625, 102 L.Ed.2d 665 (1989). See also North Star Steel Company v. Thomas, 515 U.S. 29, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995) and Derwin v. General Dynamics Corporation, 719 F.2d 484, 487 (1st Cir.1983).

The legislative history of Section 553 indicates that one of Congress' principal objectives was to discourage the theft of cable services. *See* Kingstown Pay Per View, Ltd. v. Boom Town Saloon, Inc., 98 F.Supp.2d 958, 961 (N.D.Ill.2000); H.R. Rep. No. 98-934, at 83-85 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4655, 4720-22.

To prevent theft of cable services, Congress has provided a variety of penalties and remedies to "protect the revenue of television cable companies from unauthorized reception of their transmissions." Time Warner Entertainment/Advance-Newhouse Partnership v. Worldwide Electronics, L.C., 50 F.Supp.2d 1288, 1293 (S.D.Fla. 1999). Section 553(c)(1) provides that any party aggrieved by a violation of the Act has a private cause of action. A prevailing party may obtain injunctive relief, attorney's fees and costs. 47 U.S.C. § 553(c)(2). Section 553 contemplates the award of either actual damages suffered, as well as any profits gained by the violator, or statutory damages. These penalties include fines of $50,000 (first offense) to $100,000 (subsequent offences) and/or imprisonment for not more than 2 years (first offense) or 5 years (subsequent) for

violations by those seeking private financial gain. Section 553(c) allows the Court to award actual damages or an array of statutory penalties ranging from $50,000.00 to $100 (at the court's discretion) for a violation in which the violator was not aware and had no reason to believe that his acts constituted a violation. It is worth noting that in this action Charter seeks $20,000 in statutory penalties against Lenihan under Section 553(c)(3)(A)(ii) and Section 553(c)(3)(B). Complaint, Prayer for Relief, Number 1(a).

It is apparent that Section 553 is designed to provide the injured party with a series of penalties, including criminal penalties, against an alleged violator. Massachusetts law provides a statutory limitations period for actions for "penalties or forfeitures under penal statutes" similar to the penalties and remedies imposed by Section 553. In cases where a statute imposed damages without any requirement of actual harm and no requirement that the damages be proportional to the harm, the statute is deemed penal for purposes of the application of M.G.L.c. 260, Section 5. Lynch v. Signal Finance of Quincy, 367 Mass. 503, 506-507, 327 N.E.2d 732, 734 (1975).

Other courts have considered the appropriate applicable limitations period, and the proper method of determination, without a clear consensus having been established. The First Circuit Court of Appeals has not addressed the issue to date. At least one court has applied the three-year statute of limitations of the Copyright Act.[1] The court in Time Warner Cable of New York City, a Div. of Time Warner Entertainment Co., L.P. v. Cable Box Wholesalers, Inc., D.Ariz.1996, 920 F.Supp. 1048, applied the one-year statute of limitations provided by A.R.S. § 12-541(3).[2]

---

[1] Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc., N.D.Ill.2000, 98 F.Supp.2d 958.

[2] That statue provides that:
   There shall be commenced and prosecuted within one year after the cause of action accrues, and

4

In the absence of any consensus among the courts and in the absence of a decision of the First Circuit, the logic for application of the limitation imposed by M.G.L.c. 260, Section 5, seems inescapable. There is no requirement under Section 553 that the damages awarded be proportional to the harm suffered or based solely on the actual damages suffered by the plaintiff. Instead, there are specific provisions for damages determined solely on the occurrence of an event (the distribution of equipment intended for unauthorized reception of cable communications service) without any requirement of establishment of any damages, see the statutory damages provided under 47 U.S.C. Section 553(3)(A)(ii). In that regard Section 553 is clearly penal, as that term has been defined by the Massachusetts courts.

Charter filed this action on October 22, 2004, and effected service on Lenihan on or about November 3, 2004. In the Complaint, Charter alleges that Lenihan ordered and purchased the descrambler on or about August 9, 2001. Over three years passed between the alleged event and this litigation. As a general rule, the statute of limitations begins to run when the plaintiff's right to action is complete. See <u>Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.</u>, 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed. 2d 553 (1997); <u>Clark v. Iowa City</u>, 20 Wall. 583, 589, 22 L.Ed. 427 (1875).

---

not afterward, the following actions:

1. For malicious prosecution, or for false imprisonment, or for injuries done to the character or reputation of another by libel or slander.
2. For damages for seduction or breach of promise of marriage.
3. For breach of an oral or written employment contract including contract actions based on employee handbooks or policy manuals that do not specify a time period in which to bring an action.
4. For damages for wrongful termination.
5. Upon a liability created by statute, other than a penalty or forfeiture.

5

Assuming that the alleged purchase of the device provided Charter with an action against the defendant Lenihan, Charter should have brought this action not later than August 10, 2002. Instead, Charter has delayed filing this action until October 22, 2004.

## CONCLUSION

The clear design of Section 553 is to provide a damaged party with remedies not necessarily relevant to any damages suffered by the aggrieved party, but based solely on an array of costs imposed by act, based in part on the mental state or knowledge of the defendant. This statute is a penal statute, as that term is understood. There is no closer analogue under Massachusetts law for limitations than that provided by M.G.L.c. 260, § 5. There is no basis for assuming that the imposition of this limitation period will be at odds with the purpose of the federal act; while relatively short when compared to other potential limitations periods, it is not so short as to thwart the federal purpose. See Prostar, 239 F.3rd at 675-676.

It is clear that Charter has simply waited too long to bring this action and that it has been barred by the running of the limitations period of the closest Massachusetts analogue. Under these circumstances it is appropriate for Lenihan to request that this court dismiss the action, as time-barred.

RESPECTFULLY SUBMITTED
RICHARD A. LENIHAN

_____
George L. de Verges, BBO No. 600067
de Verges & Katsonis
40 Southbridge Street, Suite 215
Worcester, MA 01608
(508) 754-2600
(508) 754-1818 (facsimile)
COUNSEL FOR THE DEFENDANT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS,<br><br>Plaintiff<br><br>v.<br><br>RICHARD A. LENIHAN,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action Number<br>)<br>)   04-40213 FDS<br>)<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

I, George L. de Verges, attorney for Defendant Richard A. Lenihan, in the above captioned matter, certify that I served a copy of the MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS by mailing first class, postage prepaid, to:

Christopher L. Brown, Esq.
Murtha Cullina
99 High Street
Boston, MA 02110

Date: _November 23_, 2004

George L. de Verges, Esq. (BBO #600067)
de Verges & Katsonis
40 Southbridge Street, Suite 215
Worcester, MA 01608
(508) 754-2600