UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CHARTER COMMUNICATIONS    ]
ENTERTAINMENT I, LLC d/b/a ]
CHARTER COMMUNICATIONS,   ]
                          ]  CIVIL ACTION
                          ]  NO. 04-CV-40213-FDS
        Plaintiff,        ]
                          ]
v.                        ]
                          ]
RICHARD A. LENIHAN,       ]
                          ]
        Defendant.        ]

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

**Introduction**

Charter Communications Entertainment I, LLC d/b/a/ Charter Communications ("Charter"), hereby opposes the Motion to Dismiss filed by the defendant Richard A. Lenihan ("Lenihan"). This action seeks damages and other remedies against Lenihan for theft of cable television services pursuant to the principal federal anti-theft statutes, namely, 47 U.S.C. § 553 (unlawful interception of cable communications services) and, alternatively, 47 U.S.C. § 605 (unauthorized interception of radio communications, including programming delivered to a cable operator via satellite). Lenihan asserts that Charter filed its Complaint beyond what he asserts is the applicable one year statute of limitations period established in M.G.L. c. 260, § 5. Because (1) M.G.L. c. 260, § 5 is not the proper limitations period for cable theft actions in the Commonwealth, and (2) even if a one year period is applicable, Charter's "discovery" of the harm caused by

Lenihan occurred within one year of its decision to bring an action, dismissal of the Complaint is not legally or factually warranted.

### Argument

I. **THE PROPER LIMITATIONS PERIOD IN A CABLE THEFT ACTION IN THE COMMONWEALTH IS THREE YEARS.**

Lenihan correctly notes that the federal anti-theft statutes cited in Charter's complaint, 47 U.S.C. §§ 553 and 605, do not have express statutory limitations periods.[1] This issue has not been addressed to date in the Commonwealth. Nevertheless, the issue of the applicable statute of limitations for such actions has been widely litigated, with varying results by jurisdiction. In most cases, federal courts have applied the statute of limitations from the analogous forum state cause of action, commonly a conversion action.[2] In the Commonwealth, conversion actions are subject to a three year statute of limitations.[3] Accordingly, the Court should apply the three year period for conversion actions in this case.

Alternatively, several federal courts have relied on limitations periods from federal statutes that they believed were more analogous than conversion statutes, notably the three year limitations period for Copyright Act violations.[4] All of these statutes are

---

[1] See, e.g., Prostar v. Massachi, 239 F.3d 669, 671-72 (5th Cir. 2001).

[2] See, e.g., Cablevision of Conn., L.P. v. Sollitto, 109 F.Supp.2d 84, 85 (D.Conn. 2000); Kingvision Pay-Per-View v. Bowers, 36 F.Supp. 2d 915, 918 (D. Kan. 1998); but see Kingvision Pay-Per-View, Ltd. v. 898 Belmont, Inc., 2002 U.S. Dist. LEXIS 2275 (E.D.Pa. Feb. 13, 2002)(applying statute of limitations from state theft of service statute). Note that the Massachusetts theft of service statutes, M.G.L. c. 166, §§ 42A and 42B, themselves lack an express limitation period that could be adopted by analogy.

[3] G.L. c. 260, § 2A. Section 2A reads as follows: "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."

[4] E.g., Prostar, 239 F.3d at 674-75 (applying three year limitations period from Copyright Act, 17 U.S.C. § 507); Kingvision Pay Per View, Ltd v. Boom Town Saloon, Inc., 98 F Supp.2d 958 (N.D. Ill. 2000)(same); Nat'l Satellite Sports, Inc. v. Time Warner Entm't Co., 255 F. Supp.2d 307, 2003 U.S. Dist.

longer than the one year period argued for by Lenihan. If the Court is not going to adopt the three year period for conversions, Charter supports in the alternative the three year period for Copyright Act violations in 17 U.S.C. § 507.

Lenihan's sole basis for arguing a one year period is his characterization that the instant cable services theft action is akin to a penal action and is subject to the strict one year period established in M.G.L. c. 260, § 5.[5] Contrary to Lenihan's unsupported assertions in his Memorandum, courts in other jurisdictions have not characterized actions under 47 U.S.C. §§ 553, 605, or both, as being penal in nature. To the contrary, damages sought under these statutes have been recognized as being restitutionary in nature rather than penal.[6]

## II. EVEN IF A ONE YEAR PERIOD APPLIES, CHARTER TIMELY FILED THE INSTANT ACTION.

Even if Lenihan's one year statute of limitations is deemed to apply to this action, he is not entitled to dismissal under applicable law. Under the well-established "discovery rule," a cause of action does not accrue until a plaintiff "discovers, or reasonably should have discovered, that she may have been injured as a result of the defendant's conduct."[7] As illustrated by the affidavit of Nilda Cid Gumbs ("Ms. Gumbs"), submitted herewith in opposition to Lenihan's Motion to Dismiss, Charter first

---

LEXIS 5573 at *5-6, *16-18 (S.D.N.Y. Apr. 4, 2003)(same); see also CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 993 (7th Cir. 2002)(applying two year period applicable to actions by communications common carriers for recovery of lawful changes under 47 U.S.C. § 415).

[5]   Defendants Memorandum at 4-5.

[6]   See, e.g., Storer Cable Communications, Inc. v. Joe's Place Bar & Rest., 819 F.Supp. 592 (W.D.Ky 1993); Joe Hand Promotions, Inc. v. Nekos, 18 F.Supp.2d 214 (N.D.N.Y. 1998).

[7]   Hoult v. Hoult, 792 F. Supp. 143, 144 (D.Mass. 1992); see also Hendrickson v. Sears, 365 Mass. 83, 83-84 (1974).

discovered that it had been injured by Lenihan on or shortly after January 5, 2004. On that date, Ms. Gumbs, in her capacity as Director of the Office of Cable Signal Theft for the National Cable & Telecommunications Association ("NCTA"), provided copies of invoices of sales from TKA Electronics, Inc. which she had received from another cable company, to Charter and its counsel. Invoices given to Charter on January 5, 2004 evidenced that Lenihan purchased a so-called "black box" descrambler from TKA Electronics, Inc., and served as the basis for the Complaint.

Accordingly, pursuant to the discovery rule, the statute of limitations on this action did not begin to run until on or shortly after January 5, 2004. Charter reviewed the information received from Ms. Gumbs and prepared the instant action against Lenihan that was filed approximately nine months later, on October 22, 2004. This is well within a one year period even if the Court elects to use Lenihan's proffered limitations statute. Lenihan certainly cannot argue that his use of a black box decoder, which operates by its nature in a surreptitious fashion, "reasonably should have been" known by Charter.

## Conclusion

For the reasons stated above, Charter requests that Lenihan's Motion to Dismiss be denied.

                                         CHARTER COMMUNICATIONS
                                         ENTERTAINMENT I, LLC d/b/a
                                         CHARTER COMMUNICATIONS,

By its attorneys,

_____
Burton B. Cohen, BBO#656190
Christopher L. Brown, BBO#642688
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 457-4000

Dated: December 7, 2004

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand
Date: 12-7-04

292944-2　　　　　　　　　　　5