UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD A. LENIHAN,<br><br>Defendant. | CIVIL ACTION<br>NO. 04-CV-40213-FDS |

## AFFIDAVIT OF NILDA CID GUMBS

Nilda Cid Gumbs being duly sworn, deposes and says:

1. My business address is 1724 Massachusetts Avenue, NW, Washington D.C. 20036, c/o National Cable & Telecommunications Association ("NCTA").

2. I am over the age of eighteen (18) years and understand the obligations of an oath.

3. NCTA is the principal trade association of the cable television industry in the United States.

4. I am currently employed as Director of NCTA's Office of Cable Signal Theft. I have been employed in this capacity from 1999 to the present.

5. The Office of Cable Signal Theft serves as an information clearinghouse on judicial, legislative, technical, marketing and operations aspects of cable signal theft

problems and related issues, and encourages and assists the cable industry in the aggressive criminal and civil prosecution of cable thieves.

6. I am familiar with the transactions and business operations of NCTA.

7. I am familiar with the facts of <u>AT&T Broadband v. TKA Electronics, Inc.</u>, Civil Docket Case No. 8:02-CV-00429, filed on September 16, 2002, in the United States District Court of Nebraska (Omaha).

8. TKA Electronics, Inc. was in the business of selling illegally modified analog cable descrambler boxes, which allow for the unauthorized access of cable services in violation of federal law.

9. Pursuant to a September 17, 2002 Order by United States District Court Judge Joseph F. Bataillon in <u>AT&T Broadband v. TKA Electronics, Inc.</u> (Attached hereto as "Exhibit A"), TKA Electronics, Inc. was ordered to provide the Plaintiff, AT&T Broadband, all "business records, banking records and invoices, including all records stored on computer terminals, servers, hard drives, disks or tape or otherwise, regarding the purchase, sale, modification, storage and distribution of any payment for cable television Decoding Devices and related equipment by or from Defendants or any of Defendants' agents, employees, servants, successors, assigns or any person and/or entity acting directly or indirectly on Defendants' behalf" (the "Customer Invoices").

10. On or about September 4, 2003, the Customer Invoices were provided by counsel for AT&T Broadband to NCTA, through me in my capacity as Director of NCTA's Office of Cable Signal Theft.

11. The Customer Invoices are kept at NCTA in the regular course of business for distribution to cable operators or others in the cable industry to combat theft of cable services.

12. On or about January 5, 2004, the Customer Invoices were provided by NCTA to Charter Communications and its counsel.

_____
Nilda Cid Gumbs
Director, Office of Cable Signal Theft
National Cable & Telecommunications Association

Subscribed and sworn to before me this 30th day of November, 2004.

DISTRICT OF COLUMBIA      :
                          : ss.
WASHINGTON                :

Personally appeared before me, Nilda Cid Gumbs, known to me the undersigned officer, to be the person described above who made oath to the truth of the matters contained in the foregoing Affidavit.

_____
Notary Public
My Commission Expires:

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA



FILED
AT DISTRICT OF NEBRASKA
_____ M
SEP 17 2002
Gary D. McFarland, Clerk
By_____ Deputy

AT&T Broadband,

    Plaintiff,

v.    ) Case No. 8:02 CV 429

TKA Electronics, Inc. and Thomas Abboud,
individually and Cathy Vigneri, individually,

    Defendants.

## ORDER

**WHEREAS** an ex parte application by Order to Show Cause has been made by the Plaintiff AT&T Broadband ("AT&T" or "Plaintiff"), directed at Defendants TKA Electronics, Inc. and Thomas Abboud, individually and Cathy Vigneri, individually ("Defendants") for a Temporary Restraining Order and Preliminary Injunction pursuant to Fed.R.Civ,.P.65 and 47 US.C. § 553 (c)(2)(A); an Order of Expedited Discovery pursuant to Fed.R.Civ.P.30, 33, 34, 36 and 45; an Order directing an Accounting pursuant to 47 U.S.C. § 553 (c)(3)(A)(i); a Temporary Restraining Order directed at Defendants' assets and prohibited gains obtained in violation of 47 U.S.C. section 553 pursuant to Fed.R.Civ.P.64 and/or 65 and 47 U.S.C. § 553 (c)(3)(A)(i); an Order pursuant to Fed.R.Civ.P.64 and/or 65 directing seizure of Defendants' business records, including computers and computer accessories such as tapes and disks on which records are stored, and Defendants' inventory of "pirate" cable television decoding equipment and any proceeds of Defendants' illegal business; and

541235-1

Exhibit A

1

**WHEREAS** the Court having read and duly considered the Complaint, the Affidavits of Richard Killian and Gerald Mulack, and the exhibits annexed thereto, and the memorandum of law submitted by the Plaintiff in this matter, and having determined that the Plaintiff has demonstrated (i) that it has a substantial likelihood of success on the merits of its claims asserted against the Defendants in this action, (ii) that absent this Court's grant of the relief sought, Plaintiff would suffer substantial and ongoing irreparable harm in the form of, <u>inter alia</u>, lost profits, lost opportunities, and a diminishment in the value of its goodwill, as well as other irreparable harm, resulting from Defendants' pirate decoder sales, if (a) such pirate decoder sales were permitted to continue, (b) with respect to sales already made, if Plaintiff was unable to obtain records of such sales, and (c) if transfers of Defendants' assets were not temporarily restrained, in order that Plaintiff can avail itself of its remedies under 47 U.S.C. § 553 (c)(3)(A)(i), and under its constructive trust claim asserted in the Complaint; (iii) the resulting harm to Plaintiff in not granting this relief is far greater than any injury that granting this relief will inflict on the Defendants, and (iv) it is in the public interest to grant this preliminary relief, and the Court determining that good cause having been shown,

NOW, THEREFORE, it is hereby,

**ORDERED, ADJUDGED AND DECREED** that the Defendants, Defendants' agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by Defendants or acting on Defendants' behalf or in concert with Defendants, are hereby enjoined and restrained from the sale, transfer, advertisement (including advertisement on the Internet or other on-line service), movement and/or offer for

541235-1

sale, modification, manufacture, storage and distribution of cable television decoding devices and related equipment and/or the rendering of any assistance whatsoever in the sale, transfer, advertisement, movement, modification, manufacture, storage or distribution of such equipment, with such equipment including but not limited to cable television decoders, converters (if modified so as to be capable of decoding scrambled cable transmissions, or if connected to other decoding equipment described herein), descramblers, descrambling cubes or "programmers," converter-decoder combination units, integrated circuits, quick boards, smart boards, test kits, chips, E proms and circuit boards (hereinafter "Decoding Devices"); and it is further,

**ORDERED, ADJUDGED AND DECREED** that the Defendants, Defendants' agents, employees, affiliates and any business entities and/or persons controlled directly or indirectly by Defendants, acting on Defendants' behalf or acting in concert with them, are hereby restrained and enjoined from destroying, altering, removing or secreting any of the Defendants' books and records, including but not limited to invoices, purchase orders, receipts, banking records, safe deposit box records, investment records, insurance policies, shipping labels, or tax returns, including all records stored on computer discs or tapes or within computer terminals, hard drives, servers or otherwise, which contain any information whatsoever concerning the business or finances of any of the Defendants or otherwise reflect transactions of any kind involving Decoding Devices; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the Defendants, Defendants' agents, employees, affiliates and any business entities and/or persons

541235-1

3

controlled directly or indirectly by Defendants, acting on Defendants' behalf or acting in concert with them, and any persons or other entities having joint ownership of assets with him, are hereby restrained from transferring, removing, encumbering or permitting the withdrawal of any assets or property, including the contents of any safe deposit boxes, presently or formerly belonging to the Defendants, jointly or severally, whether real or personal, tangible or intangible, including but not limited to cash, bank accounts of any kind, stock and bond accounts, and title to Defendants' property, and it is further,

**ORDERED, ADJUDGED AND DECREED** that no later than the day following service of this Order, the Defendants, Defendants' employees, agents, bookkeepers and/or accountants are directed to provide to the Plaintiff identification of all asset accounts and safe deposit boxes held in Defendants' name or accounts or safe deposit boxes to or from which transfers have been made by any of Defendants within the preceding twelve months. This identification shall include name, custodian (including banks), address and account number in which such is held, the balance of such account (or the contents of such safe deposit box), and the authorized signers or persons authorized to access such safe deposit boxes, and it is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is granted expedited discovery from Defendants, any of Defendants' accountants and other agent(s) or person(s) acting on Defendants' behalf, and any electronic mail or Internet service providers regarding Defendants' decoder sales business, and the location, nature and amount of Defendants' assets, including discovery of business records, banking records and invoices, including all records stored on computer terminals, servers, hard drives, disks

541235-1

or tape or otherwise, regarding the purchase, sale, modification, storage and distribution of and payment for cable television Decoding Devices and related equipment by or from Defendants or any of Defendants' agents, employees, servants, successors, assigns or any person and/or entity acting directly or indirectly on Defendants' behalf. This expedited discovery shall include depositions, interrogatories, requests for admissions, production of documents, and service of subpoenas pursuant to Fed.R.Civ.P. 30, 33, 34, 36 and 45; and it is further,

ORDERED, ADJUDGED AND DECREED that the United States Marshal for the United States District Court, District of Nebraska, the deputy and those persons acting under their supervision, including Plaintiff's representatives and attorneys, are hereby commanded within two (2) days of the signing of this Order to enter upon the business premises of the Defendants, located at 14545 Industrial Road, #1, Omaha, Nebraska 68144, and any adjoining areas occupied by Defendants, and seize any and all correspondence with customers, sales invoices, purchase orders, return forms, receipts, bank records, safe deposit box records, proceeds of sales, insurance policies, safes, shipping labels and tax returns or other business records, including all computer terminals, hard drives, servers, disks and tapes in Defendants' possession, which Plaintiff reasonably believes contain or indicate the names or addresses of distributors, suppliers, manufacturers and/or purchasers of Decoding Devices or any related equipment, or which contain, indicate or otherwise reflect or pertain to any transactions of any kind involving Decoding Devices or other business activities, and any and all Decoding Devices, and the illicit proceeds of the sales of such Decoding Devices, and the Plaintiff's representatives

541235-1

and Defendants' attorneys may assist the U.S. Marshal, the deputy and all persons acting under his supervision in his efforts to identify those items which fall within the scope of this Order, and that the United States Marshal, his deputy and all persons acting under his supervision are further empowered to take all steps necessary to proceed in a lawful manner, including the reasonable use of force, and breaking and entering upon such premises if necessary, in order to enter and secure the premises and examine, seize and remove said business records, illicit sales proceeds and Decoding Devices, and to deliver said business records, illicit sale proceeds, and Decoding Devices after his having been inventoried, to the Plaintiff for inspection and impoundment at a secured location of Plaintiff's choice, including Plaintiff's or Plaintiff's attorneys' offices and that the plaintiff shall return to the defendants all business records seized and removed pursuant to this Order no later than twenty days (as days are counted in Fed. R. Civ. P. 6(a), i.e., business days) after their seizure or, upon the plaintiff's motion, at a later date if so ordered by this Court; and it is further,

ORDERED, ADJUDGED AND DECREED that the Plaintiff may copy and use any and all of Defendants' records relating to or reflecting sales of Decoding Devices, whether such records are obtained via the seizure provided for herein, or through discovery, or otherwise, and may disseminate such records to its affiliated cable systems and other cable operators for use in, inter alia identifying those persons residing within the areas serviced by such systems who have purchased such Decoding Devices for personal use or resale and it is further,

ORDERED, ADJUDGED AND DECREED that the Defendants,

541235-1

Defendants' employees, agents, bookkeepers and/or accountants be required to identify (by address) in writing at the time of the seizure, under pain of contempt for non-compliance, any other locations at which Decoding Devices are held, stored, manufactured, modified, received, shipped directly or indirectly to or by the Defendants or their employees and agents, or persons acting on Defendants' behalf or in concert with them, or locations where its records are kept or from which telephone or other sales of Decoding Devices are made, and the Defendants shall provide immediate access to such locations to the U.S. Marshal and Plaintiff's agents and/or attorneys, and Defendants shall also immediately provide passwords to all computers which store information regarding sales, purchases, assets, inventory, etc., and shall provide the Plaintiff with an accounting, no later than two business days prior to the return date of this Order, listing the total number of sales and purchases of any and all Decoding Devices made by or on behalf of any of the Defendants to or from any person and/or entity; this accounting shall also include any and all profits, transfers or withhdrawals of assets, property (including property in safe deposit boxes) or any other funds made by, to and/or between any of the Defendants from January 1, 1997 to the present; and it is further,

**ORDERED, ADJUDGED AND DECREED** that in the event Defendants, at the time of the seizure provided for herein, identify any other locations where inventory or records are stored, the United States Marshal, his deputy and all persons acting under his supervision are directed to immediately go to such locations along with the Plaintiff's representatives and, taking all steps necessary to proceed in a lawful manner, including the reasonable use of force, and breaking and entering upon such premises if necessary, in

541235-1

7

12/07/04 17:14 FAX 860 240 6150 MURTHA CULLINA LLP ☐009
Case 4:04-cv-40213-FDS Document 6 Filed 12/08/2004 Page 12 of 13

Sent By: COMAN & ANDERSON PC; 6304282549; Sep-4-03 1:54PM; Page 9

order to enter and secure the premises, are directed, as provided for in this Order with respect to Defendants' known business location, to seize and remove business records, computers and related items, Decoding Devices, and illicit sales proceeds, and to deliver said business records, computers and related items, illicit sale proceeds, and samples of Decoding Devices, after having been inventoried, to the Plaintiff for inspection and impoundment at a secured location of Plaintiff's choice, including Plaintiff or Plaintiff's attorneys' offices; and it is further,

ORDERED, ADJUDGED AND DECREED that if after this order is served on Defendants, Defendants or any of Defendants' agents, employees or others controlled by Defendants or acting on Defendants' behalf or in concert with them, obtain the possession or presently are in the possession, custody or control of any additional quantity of the above-described items (i.e., Decoding Devices, business records, computers or proceeds from the sale of sold equipment), they will immediately notify the Plaintiff's attorneys, and retain without sale or other transfer such items or proceeds until further order of this Court; and it is further,

ORDERED, ADJUDGED AND DECREED that, pursuant to Fed.R.Civ.P.65, the Plaintiff shall file a bond with the Clerk of the Court in the amount of $50,000.00 should it be determined that the Plaintiff is not entitled to the relief set forth in this Order, and it is further,

ORDERED, ADJUDGED AND DECREED that Defendants is Ordered to show cause at a hearing to be held at 2:30 p.m. on September 26, 2002, in Courtroom 3 of the United States District Court, District of Nebraska, why this Temporary Restraining

541235 1

8

12/07/04 17:14 FAX 860 240 6150    MURTHA CULLINA LLP
Case 4:04-cv-40213-FDS    Document 6    Filed 12/08/2004    Page 13 of 13    ☒010

Sent By: COMAN & ANDERSON PC;    6304282649;    Sep-4-03  1:54PM;    Page 10

Order should not be confirmed and a Preliminary Injunction entered in the above form, and it is further,

ORDERED, ADJUDGED AND DECREED that Defendants shall file a responsive memorandum and any supporting documents not later than two (2) business days prior to the hearing set forth herein and serve a copy of said responsive papers on Plaintiff's Illinois counsel by hand, and the Plaintiff may file reply submissions on the day of the hearing; and it is further,

ORDERED, ADJUDGED and DECREED that a copy of this Order and the papers submitted in support thereof shall be served upon Defendants, Defendants' managing agent(s), or Defendants' employees at Defendants' place of business at the time of the seizure ordered herein.

Dated: September 17, 2002

SO ORDERED:

_____
United States District Court Judge

541235-1